Teresina Velletri
vs.
Pasqualina D'Andrea,
et al.
} Eq. No. 10017.

July 19, 1930.

HAHN, J. Heard on bill and answer praying for affirmative relief.

This suit is before the Court on the complainant's prayer to have cancelled a certain deed from Luigi Sasso to Pasqualina D'Andrea, dated March 19, 1929, and recorded January 2, 1930, on the ground that said deed is a cloud upon complainant's title and was obtained by undue influence and duress. Respondents, in praying for affirmative relief, ask for the cancellation of a deed from Luigi Sasso to Teresina Vel-

letri, dated July 13, 1929, and recorded July 15, 1929, both of said deeds covering the same premises.

The circumstances of the case, as shown at the hearing, are as follows: Luigi Sasso and his wife, Philomena, shortly before Christmas, 1928, at their home inhaled gas to such an extent that they were taken to the Rhode Island Hospital, where Philomena Sasso died and Luigi recovered. The complainant, Teresina Velletri, and the respondent, Pasqualina D'Andrea, are daughters of Luigi Sasso and the respondent, Giuseppe D'Andrea, is the husband of Pasqualina D'Andrea. After the return of Sasso from the hospital, he went to live at the home of the respondent, Pasqualina D'Andrea, and, while there, he turned over practically his entire bank account in the Dante Bank to Pasqualina and also conveyed to her the real estate, the deed of the real estate being dated March 19, 1929, and for some reason the same was not placed upon record for nearly 10 months. Thereafterwards, on the 26th day of April, 1929, having received the amount of the bank account and being in possession of the deed, the respondent, Pasqualina D'Andrea, filed a petition in the Probate Court of the City of Providence for the appointment of a guardian over the person and estate of Luigi Sasso, which petition was on June 28, 1929, denied and dismissed by the Probate Court. Thereafterwards, on July 17, 1929, Pasqualina D'Andrea and Giuseppe D'Andrea each commenced proceedings at law against Luigi Sasso for money claimed to be due to them and attached the real estate in question as his real estate. Subsequently, on March 31, 1930, these actions were discontinued, the deed dated March 19, 1929, having been placed upon record January 2, 1930. Apparently, Pasqualina made no effort to collect the rents or control the property after the deed was delivered to her and claims that she did not record the deed because

Mr. Veneziale, the attorney for Teresina Velletri and Luigi Sasso, told her that the deed was worthless when she called upon him in relation to a letter which he had sent informing her that suit would be brought against her.

Many witnesses testified in this case and much feeling was shown between the parties. Apparently both Teresina Velletri and Pasqualina D'Andrea have affection for their father but each was fearful that the other would obtain some advantage in obtaining from him his property. He testified in court; is an elderly man apparently desirous of avoiding the care involved in management of his property and preferring that one or the other of his children should have it and assume to support him for his remaining years.

The Court finds as a matter of fact that he did execute the deed to Pasqualina D'Andrea, but that he was surrounded by many people who favored the turning over of his property to Mrs. D'Andrea rather than Mrs. Velletri and was influenced by them in many ways. The incident of the turning over of his bank account, wherein it will be seen that on one day he stated that the balance should go to his daughter Pasqualina in the event that she survived him and then appearing at the bank shortly afterwards and drawing the money out and turning it over to her, is evidence of the fact that there was amongst the various people surrounding Sasso in the D'Andrea home a desire that his property should be turned over to her. That she doubted the validity of her deed may readily be seen from the length of time she withheld it from the record, and although the reason is not clearly apparent, the Court finds that Mr. Veneziale did not tell her that the deed was valueless, and that she herself felt that the recording of the deed or claiming title thereunder would be improper for some reason. Attaching the property for which she held the deed and asking the Probate Court to declare her father incompetent shortly after receiving the deed and before recording the same would carry out this idea. If the deed had any value, her father had no property for the Probate Court to administer and no property which was the subject of attachment by Pasqualina and her husband.

The Court finds that neither complainant nor her attorney, nor any person connected with them, had any knowledge of the execution of this deed. The Court finds that the deed to complainant was for a good and valuable consideration, made by Luigi Sasso of his own free will and accord and through his own suggestion, and that at the time of the delivery of the deed and until January 2, 1930, in ignorance of the execution of the deed to Pasqualina D'Andrea, Teresina Velletri and her husband, to the knowledge of respondents, improved the property conveyed by the deed to Teresina, which they ask to be sustained and owe many thousands of dollars by reason of such improvements, the payment of which is prevented by the cloud upon complainant's title.

To set aside the deed to Teresina Velletri at this time and approve the deed to Pasqualina D'Andrea would upon this ground, regardless of all others, work an injustice to many and would be inequitable. The respondent was not surprised by evidence in regard to this estoppel which in itself is sufficient to warrant the granting of the relief asked by complainant and denying the relief asked by respondents in the cross-bill.

While the Court finds that the deed to Pasqualina D'Andrea was for value, the consideration being her promise to support her father for the remainder of his days, she had previously made the same promise in consideration of the turning over of Luigi Sasso's money on deposit in the bank. The decision of this Court is that the deed to Pasqualina D'Andrea is a cloud upon the title of the complainant and

should be cancelled and discharged and be declared null and void and of no effect, on the ground that it was obtained by undue influence and that by the acts of the said Pasqualina D'Andrea and through failure to record her deed for many months complainant, in ignorance of its existence, expended money and induced others to give credit for work and materials used in the improvements of said property, the bills therefor being unpaid, and said Pasqualina should in equity be estopped to deny the validity of the primarily recorded deed to Teresina Velletri.

In the course of the hearing it appeared that when Luigi Sasso executed the deed to Teresina Velletri in the office of Joseph Veneziale, Esq., something was said in regard to a clause being placed in the deed, or a separate paper being executed, stating that the deed was upon consideration that Sasso should be supported during the remainder of his life and that Luigi Sasso refused to have such paper executed or such condition annexed to the deed, on the ground that it would show a lack of confidence in his daughter, and it was stated at the hearing that deeds having such condition annexed were often drawn and that many elderly people, turning over their property to their children, refused to have the condition made part of the deed or a separate paper, and while not necessary in the decision of this case, the Court cannot refrain from stating that such practice is exceedingly hazardous and should be condemned from every standpoint. The child in whom the trust is placed may die and the performance of this condition left to comparative strangers. The child may encounter financial difficulties and the thousand and one contingencies and chances which are incident to the holding of the property of another in secret trust, and in the mind of this Court it would show no lack of confidence in the child or relative, if the property is conditionally given, that the condition should appear in the conveyance carrying the title to the grantee, and if it becomes necessary to raise funds upon the property for its management or otherwise, the beneficiaries may well sign an agreement assenting to such encumbrance if in his opinion it will not be hazardous to the support to which he is entitled.

A decree may be prepared and presented to the Court granting the prayer of the respondents for affirmative relief.

For complainant: Joseph Veneziale, Sayles Gorham.

For respondents: Knauer & Fowler.